Citation Nr: 1228234 
Decision Date: 08/16/12 Archive Date: 08/21/12

DOCKET NO. 09-20 225 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Ann L. Kreske, Counsel


INTRODUCTION

The Veteran had a period of honorable active duty from July 1966 to July 1969. He also served in the New Jersey Army National Guard from December 1970 to March 1990.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a February 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona, which denied service connection for bilateral hearing loss (claimed as bilateral deafness), lower back disc disease, degenerative arthritis of the left knee, and degenerative arthritis of the right knee.

In March 2008, the Veteran filed a timely notice of disagreement (NOD) as to all the issues denied by the RO in the February 2008 rating decision. A statement of the case (SOC) was then issued in April 2009. However, he perfected an appeal only of the issue of bilateral hearing loss by subsequently filing a substantive appeal (e.g., VA Form 9 or equivalent statement) on this issue only. See 38 U.S.C.A. § 7105(a) (West 2002); 38 C.F.R. §§ 20.200, 20.201, 20.202 (2011). Specifically, in a May 2009 statement, the Veteran's representative submitted a statement indicating that the Veteran was "filing appeal form 9 regarding denial of claim for bilateral hearing loss." The Veteran simultaneously submitted a VA Form 9 in May 2009, providing arguments that his bilateral hearing loss was incurred in service. There was no mention of the issues pertaining to the low back, left knee, or right knee. Therefore, the Board considers the issues regarding the low back, left knee, and right knee to be withdrawn and not currently before the Board. 

In the Veteran's May 2009 substantive appeal (via a VA Form 9), he requested a hearing before a member of the Board at the RO. In an October 2010 letter, the Veteran was informed that he was scheduled for a hearing before a member of the Board at the RO in November 2010. Thereafter, November 2010, the RO contacted the Veteran regarding his upcoming Travel Board hearing, and the Veteran stated that his representative would be at the hearing on his behalf. However, neither the Veteran nor his representative appeared for the hearing. Thus, the Board finds that the Veteran's request for a hearing before a member of the Board will be considered withdrawn. 38 C.F.R. § 20.704(d). 



The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Prior to further Board adjudication of the Veteran's claim, further development of the evidence is required.

The Veteran has claimed that he experiences current bilateral hearing loss due to his military service. Specifically, he has asserted that he was continuously exposed to infantry weapons without sufficient hearing protection during basic training, infantry training, and combat training. He contends that he was treated by medical personnel for hearing problems during active duty. See the Veteran's statement dated in November 2006 and May 2009 substantive appeal (VA Form 9). 

Under applicable law, service connection is granted if the evidence establishes that coincident with his service, the Veteran incurred a disease or injury, or had a preexisting injury aggravated, in the line of duty of his active service. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303(a) (2011).

Under McLendon v. Nicholson, 20 Vet. App. 79 (2006), in disability compensation (service connection) claims, VA must provide a VA medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, and (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with a veteran's service or with another service-connected disability, but (4) insufficient competent medical evidence on file for the VA to make a decision on the claim.

In this case, the Veteran's separation examination dated in May 1969 revealed in the left ear a puretone threshold of 35 decibels at 3000 Hertz. A subsequent National Guard enlistment examination dated in October 1970 showed a puretone threshold of 55 decibels at 3000 Hertz in the left ear. While these are not indicative of a diagnosis of hearing loss for VA purposes under 38 C.F.R. § 3.385, subsequent Reports of Medical History documented complaints of a mild hearing loss in the left ear due to active duty. See, e.g., Reports of Medical History dated in September 1975 and May 1983. A National Guard examination dated in November 1987 also noted a mild hearing loss in the left ear. Post-service, the Veteran has asserted that he has bilateral hearing loss as a result of noise exposure during service. 

The record does not indicate that the Veteran has been afforded a VA examination in regards to his claimed bilateral hearing loss. A VA examination should be provided to determine the nature, extent, onset, and etiology of the claimed disorder. Assistance by VA includes obtaining a medical opinion when such an opinion is necessary to make a decision on a claim. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4). 

Accordingly, the case is REMANDED for the following action:

1. The RO/AMC shall request and obtain any VA and non-VA medical records not already associated with the claims file. If the search for any such records yields negative results, that fact shall be clearly noted and the Veteran must be informed in writing in accordance with 38 C.F.R. § 3.159(e).

2. After all relevant evidence has been obtained, arrange for the Veteran to undergo a VA audiometric examination to determine the nature and extent of his bilateral hearing loss as defined by VA regulation, 38 C.F.R. § 3.385. The claims file must be made available for review of the Veteran's pertinent history. The examiner must make clear in the report that such a review was accomplished. 

The examination should include any diagnostic testing or evaluation deemed necessary. It must include audiometric testing and speech recognition testing using the Maryland CNC Test. The specific results of this test should be set forth in the examination report.

If, and only if, the Veteran has a hearing impairment in the right ear and/or left ear for VA purposes under 38 C.F.R. § 3.385, the examiner is asked to answer the following questions:

(a) Is the Veteran's current hearing loss disability consistent with exposure to acoustic trauma?

(b) Is it at least as likely as not (i.e. a 50 percent chance or greater) that the Veteran's hearing loss is etiologically related to the Veteran's military service, including any in-service noise exposure? 

In responding to these questions, the examiner must consider and address the Veteran's May 1969 separation examination, which revealed in the left ear a puretone threshold of 35 decibels at 3000 Hertz; his National Guard enlistment examination dated in October 1970, which showed a puretone threshold of 55 decibels at 3000 Hertz in the left ear; and a September 1975 National Guard examination showing a puretone threshold of 65 decibels at 4000 Hertz in the left ear. The examiner also should consider Reports of Medical History dated in September 1975 and May 1983, which documented complaints of a mild hearing loss in the left ear due to active duty; and a National Guard examination dated in November 1987 also noting a mild hearing loss in the left ear. 

The examiner must explain the rationale of any opinion provided, whether favorable or unfavorable, based on the evidence of record. If the examiner is unable to provide the requested opinion, please expressly indicate this and explain why this is not possible. 

The term "at least as likely as not" does not mean merely within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. 

The Veteran is hereby advised that failure to report for his scheduled VA examination, without good cause, may have adverse consequences on this claim. 

3. Following completion of the above development, review the Veteran's claims file and any new information obtained to ensure that the foregoing development actions have been conducted and completed in full, and that no other notification or development action, in addition to those directed above, is required. If further action is required, it should be undertaken prior to further adjudication of the claim.

4. Readjudicate the Veteran's claim for service connection for bilateral hearing loss. If this claim is not granted to the Veteran's satisfaction, send him and his representative a supplemental statement of the case (SSOC) that includes a summary of the evidence and discussion of all pertinent regulations. The Veteran and his representative should be given an opportunity to respond to the SSOC before returning the file to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
TANYA A. SMITH
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2009).