Citation Nr: 1237357 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 12-16 441 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to an increased evaluation for plantar fasciitis of the left foot with post surgical scar, currently evaluated as 30 percent disabling.

2. Entitlement to an increased evaluation for plantar fasciitis of the right foot, currently evaluated as 20 percent disabling.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

H. Seesel, Counsel



INTRODUCTION

The Veteran had active service from May 1993 until February 1998. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from a May 2011 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

A preliminary review of the record discloses that additional development is necessary.

In the April 2012 VA Form 9 (Appeal to Board of Veterans' Appeals) the Veteran requested a videoconference hearing before a Veterans Law Judge. The record reflects the requested hearing has not yet been scheduled. Since the failure to afford the Veteran a hearing would constitute a denial of due process that could result in any BVA decision being vacated, this matter must be addressed prior to any appellate review. 38 U.S.C.A. § 7107 (b); 38 C.F.R. § 20.904 (a)(3).

Accordingly, the case is REMANDED for the following action:

The RO should schedule the Veteran for a videoconference hearing at the RO at the earliest opportunity. Notification of the hearing must be mailed to the Veteran at his current address.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
JOHN Z. JONES
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).