Citation Nr: 1438741 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 09-00 330A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include as secondary to posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant, C.H. and J.H.


ATTORNEY FOR THE BOARD

Amanda Christensen, Associate Counsel


INTRODUCTION

The Veteran had active duty service from July 1986 to August 1992.

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from July 2006 and April 2008 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Milwaukee, Wisconsin. In September 2013 the Board granted service connection for PTSD and denied service connection for an acquired psychiatric disorder other than PTSD. The Veteran appealed this decision to the Court of Appeals for Veterans Claims (Court). In March 2014 the Court vacated the Board's decision denying service connection for an acquired psychiatric disability other than PTSD and remanded the Veteran's claim for action consistent with the directives of a joint motion for remand (JMR). 

In May 2013, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the record and has been reviewed. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The basis for the JMR is that the Board did not address the issue of causation and/or aggravation of the Veteran's diagnosed depressive disorder and anxiety disorder by his service-connected PTSD.

Although the Board obtained a VA opinion in January 2011, the examiner did not offer an opinion on whether the Veteran's diagnosed depressive disorder and anxiety disorder was either caused or aggravated by his service-connected PTSD.

Therefore, the Board finds that an addendum opinion must be obtained.

Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran's claims file to the examiner who provided the VA examination in January 2011, or if he is unavailable, to another VA examiner. If the examiner concludes that the Board's question cannot be answered without an examination, one should be scheduled. 

The examiner is asked to opine whether it at least as likely as not (a 50 percent or greater probability) that the Veteran's depressive disorder and anxiety disorder were either caused or aggravated by his service-connected PTSD. 

A complete rationale should be provided for any opinion expressed.

2. Thereafter, readjudicate the Veteran's pending claims in light of any additional evidence added to the record. If the benefits sought on appeal remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. Thereafter, the case should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).