Bernice **KUTSCHEROUSKY,** Appellant,

v.

**Togo D. WEST, Jr.,** Secretary of Veterans Affairs, Appellee.

No. 98–2267.

United States Court of Appeals for Veterans Claims.

May 4, 1999.

Before NEBEKER, Chief Judge, and
STEINBERG and GREENE, Judges.

## ORDER

PER CURIAM:

This matter is before the Court post mandate. Because of the precedential significance of the issues raised, a panel has sua sponte been assigned to decide the pending motion.

On February 26, 1999, the Court granted the Secretary's February 2, 1999, unopposed motion to vacate an August 31, 1998, Board of Veterans' Appeals (Board or BVA) decision in this case and to remand the matter, and issued its mandate pursuant to Rule 41(b) of the Court's Rules of Practice and Procedure. The Secretary has filed an unopposed March 2, 1999, motion for the Court to (1) vacate the Court's order, (2) recall the Court's mandate, and (3) permit him to amend his February 2, 1999, remand motion to add the following language:

On remand, appellant should be free to submit additional evidence and argument on the questions at issue. *Quarles v. Derwinski*, 3 Vet.App. 129, 141 (1992). Additionally, it is noted that the holding in *Hodge* [ *v. West*, 155 F.3d 1356 (Fed.Cir. 1998),] does not [a]fffect the presumption of credibility of the evidence in a determination of whether new and material evidence has been submitted to reopen a prior final disallowance. *See Evans v. Brown*, 9 Vet. App. 273 (1996); *Justus v. Principi*, 3 Vet.App. 510, 513 (1992).

In *Quarles*, the Court stated that on remand "the appellant will be free to submit additional evidence and argument on the question at issue, and the Board will 'seek any other evidence it feels is necessary' to the timely resolution of this claim." 3 Vet. App. at 141 (quoting *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991)). The holdings in *Quarles* are binding precedent and must be followed unless overturned by this Court in an en banc decision, by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), by the Supreme Court, or by Congress through legislation. *See Tobler v. Derwinski*, 2 Vet.App. 8, 11–12 (1991). In prior cases, the Secretary has cited to Memorandum No. 01–95–06, issued by the BVA Chairman on March 9, 1995, regarding the pro-

cessing of appeals remanded by this Court. *E.g., Kinner v. West,* No. 96–893, 1998 WL 45533, at *1 (Vet.App. Jan. 21, 1999). In part 4.a. and b. of that Memorandum, the Chairman stated that when a claim is remanded by the Court, the appellant may, as a matter of right, submit additional argument but may submit additional evidence, as a matter of right, only "[i]f the Court's remand permits the appellant to submit additional evidence", and that, otherwise, "any additional evidence submitted by the appellant while the case is at the Board will be governed by 38 C.F.R. § 20.1304." That regulation entitles a claimant, as of right, to submit additional evidence to the BVA either during the 90-day period beginning on the date after mailing of notice to the claimant that an appeal has been certified and that the appellate record has been transferred to the Board or at a hearing on appeal that was requested during that 90-day period; and permits additional evidence to be submitted to the Board thereafter only if the appellant "demonstrates good cause for the delay". 38 C.F.R. § 20.1304(a), (b) (1998); *see also* 38 C.F.R. §§ 19.36 (requiring that written notice be sent to appellant, and any representative, regarding § 20.1304(a) appellate-record certification and transfer and regarding 90-day period for, inter alia, submission of additional evidence), 19.37 (providing in subsection (a) for consideration of evidence submitted to agency of original jurisdiction (AOJ) after appeal initiated but "prior to transfer of the records to the Board", and providing in subsection (b) for consideration of evidence submitted to Board during 90-day period set forth in § 20.1304(a)) (1998). Without regard to whether the particular language from *Quarles* quoted above is such a holding or merely a term imposed by the Court for the carrying out of its mandate in a particular case, the Court has convened a panel to resolve this matter definitively now. *See Bethea v. Derwinski,* 2 Vet.App. 252, 254 (1992) (panel decisions constitute "binding precedent" unless overturned by en banc opinion of this Court or decision of Federal Circuit or Supreme Court).

As to the Secretary's concern regarding *Hodge* and *Evans,* both *supra,* the Court's en banc opinions in *Elkins v. West,* 12 Vet.App. 209 (1999) (en banc), and *Winters v. West,* 12 Vet.App. 203 (1999) (en banc), construing *Hodge,* in no way suggested that the Court's long-standing holding that the credibility of the new evidence is presumed for purposes of determining whether new and material evidence has been presented, *see Evans,* 9 Vet. App. at 283, has been in any way altered by *Hodge.* Hence, that portion of *Evans* stands as binding precedent, and the Court need not restate that point in a remand order in order for it to apply on remand.

■■■ The Court's power to recall a mandate "may be exercised only for good cause or to prevent injustice, and only when 'unusual circumstances exist sufficient to justify modification or recall of a prior judgment.'" *McNaron v. Brown,* 10 Vet.App. 61, 63 (1997). The Court finds that, given the Secretary's confession of error, the need for clarification of the matter in question, the appellant's nonopposition to the Secretary's motion (and because the motion is clearly in the best interests of the appellant), and the recency of the Court's mandate, the Secretary has shown good cause and unusual circumstances to justify the recall of the Court's mandate under the particular facts of this case. *Cf. Simeon v. West,* 11 Vet.App. 244 (1998) (per curiam order) (denying Secretary's motion to recall mandate when to do so would be adverse to appellant and Secretary "failed to show good cause or special circumstances that would justify" such recall or that "failure to do so would result in injustice"). The Court will thus recall its mandate and revoke its February 26, 1999, order.

As to the Secretary's motion that is pending before the Court upon recall of the mandate, the Court will deny the motion to modify because it is unnecessary. The Court has already indicated above that clarification of *Hodge* and *Evans,* both *supra,* is not required and that the Court's holding in *Evans* as to the credibility of the new evidence initially being presumed continues to be binding precedent.

■■■ Regarding the Secretary's concern about the appellant's right to submit additional evidence following remand from the Court, the BVA Chairman's Memorandum

01–95–06 properly looks to 38 C.F.R. § 20.1304 in connection with the implementation of the remand mandate of the Court. *See also* 38 C.F.R. § 19.37. The Court notes that the Board currently mails postremand notice to an appellant regarding the submission of "additional evidence". BVA Chairman Memorandum 01–95–06, part 4.b., 4.c. (referring to what BVA has heretofore referred to as a "30-day" letter, sent to advise an appellant, inter alia, of option to "submit additional evidence"); *cf.* 38 C.F.R. § 19.36. As the Federal Circuit indicated in *Linville v. West,* 165 F.3d 1382 (Fed.Cir.1999), however, Department of Veterans Affairs (VA) regulations issued prior to the advent of judicial review "must be read in light of" the availability of judicial review and the caselaw that it produces. *Id.* at 1386 (Court interprets VA regulation (38 C.F.R. § 20.305(a) (1998)), which applies expressly "[*w* ]*hen these* [*BVA* ] *rules* require that any written documentation be filed within any specified period of time" (emphasis added), to apply to specified time period that is provided for in this Court's opinion in *Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991), and that is not contained in any BVA rule or regulation). Hence, the Court holds that, following the remand of a case from the Court, the Board's mailing to the appellant of notice regarding postremand submission of evidence, is the functional equivalent of the § 20.1304(a) "mailing of notice to the[ appellant] that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board", which notice routinely advises appellants of the § 20.1304(a) 90-day period (*see* 38 C.F.R. § 19.36) after the expiration of which the appellant may no longer submit additional evidence as of right. *See* 38 C.F.R. § 19.37 (providing for consideration of evidence submitted before and during 90-day period). This holding is consistent with the shift of the claim upon remand by the Court from the Court's adversarial process back to the nonadversarial, ex parte adjudication process carried out on behalf of the Secretary, *see* 38 C.F.R. § 3.103(a) (1998) ("it is the obligation of VA to ... render a decision which grants every benefit that can be supported in law while protecting the interests of the Govern-

ment"); *Hodge,* 155 F.3d at 1362 (noting the "historically non-adversarial system of awarding benefits to veterans"), where that nonadversarial process should begin anew with a full de novo adjudication, *see Fletcher,* 1 Vet.App. at 397 ("remand is meant to entail a critical examination of the justification for the decision").

■■■ Accordingly, the Court holds that in every case in which the Court remands to the Board a matter for adjudication or readjudication (whether or not the Court cites to this precedential order and unless the Court specifically provides to the contrary in ordering such remand), (1) an appellant is entitled, until 90 days have expired after the Board mails to the appellant a postremand notice to the following effect, to submit, under the parameters set forth in 38 C.F.R. §§ 19.37, 20.1304(a), without a showing of good cause, additional evidence and argument, or to request by the end of such 90 days a "hearing on appeal" at which the appellant may submit new evidence, to be considered by the Board, where permitted without remand to an AOJ, *see Sutton v. Brown,* 9 Vet.App. 553, 569–71 (1996) (outlining procedures for Board to follow when considering an issue or evidence that was not considered by the AOJ in the case); (2) the Board may seek other evidence it considers necessary to the timely resolution of the remanded matter(s), *see Fletcher, supra;* and (3) if the Board remands the case to an AOJ, the Board must reiterate the appellant's foregoing right to submit additional evidence and argument on the remanded matter(s). *Cf. Stegall v. West,* 11 Vet.App. 268, 271 (1998) (holding that appellant entitled to VA compliance with terms of remand ordered by this Court or the Board). "The Court takes this opportunity to remind the Secretary that the holdings [in] this [order] are precedent to be followed in all cases presently [or hereafter] in remand status" from the Court. *Ibid.* (citing *Tobler, supra* ).

In light of the Court's above holding, the mailing by the Board to the appellant, following the remand ordered herein, of notice to the appellant of his right to submit additional evidence and argument, or to request a hearing at which to do so, until 90 days have

expired after the mailing of such notice, will trigger the 90-day period under the parameters set forth in 38 C.F.R. §§ 19.37, 20.1304(a) until the expiration of which the appellant "may submit ... additional evidence" and argument, or request a hearing at which to do so, as a matter of right. Hence, there is no need to make the evidence-submission modification·to the Secretary's February 2, 1999, remand motion that is proposed in the Secretary's March 2, 1999, motion.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's March 2, 1999, motion to recall the mandate is granted and the Court's mandate is recalled. The Court's February 26, 1999, order is revoked, and this appeal is reinstated. It is further

ORDERED that the Secretary's March 2, 1999, motion to modify his February 2, 1999, motion is denied. It is further

ORDERED that the August 31, 1998, BVA decision is VACATED, and the matter is REMANDED pursuant to 38 U.S.C. § 7252(a) for the reasons set forth in the Secretary's February 2, 1999, motion. Under Rule 41(b) of the Court's Rules of Practice and Procedure, this order constitutes the mandate of the Court. Any application by the appellant for attorney fees and expenses authorized by 28 U.S.C. § 2412(d) must be received within 30 days after the date of this order.