Citation Nr: 1114718 
Decision Date: 04/14/11 Archive Date: 04/21/11

DOCKET NO. 06-11 016A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to an initial evaluation in excess of 20 percent for lower thoracic compression fracture, claimed as Scheuermann's disease.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

D. Johnson, Counsel


INTRODUCTION

The Veteran served on active duty from March 1953 to December 1953.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from February 2005 and April 2008 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The Veteran testified before a Veterans' Law Judge in January 2009. A transcript of that hearing is of record.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

A review of the record discloses that the appeal must be returned to the RO in order to ensure due process. 

In February 2011, the Veteran was informed that the Veterans Law Judge who had conducted his hearing in January 2009 was no longer employed at the Board and afforded him another opportunity to appear before the Board. The Veteran requested a Travel Board hearing in a statement submitted to VA in March 2011. The Veteran has a right to the requested hearing and this hearing must be scheduled. See 38 U.S.C.A. § 7107 (West 2002); 38 C.F.R. §§ 19.75, 19.76, 20.703, 20.704 (2010).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). Expedited handling is requested.)

The RO should schedule the Veteran for a Travel Board hearing before a Veterans Law Judge, in accordance with his request. A copy of the notice to the Veteran of the scheduling of the hearing should be placed in the record. After the hearing is conducted, or if the Veteran withdraws the hearing request or fails to report for the scheduled hearing, the claims file should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
STEVEN D. REISS
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).