Citation Nr: 1302150 
Decision Date: 01/18/13 Archive Date: 01/23/13

DOCKET NO. 07-37 585 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD). 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

R. Erdheim, Counsel

INTRODUCTION

The Veteran served on active duty from September 1966 to September 1968. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas, that denied the above claim. 

In April 2010, the Veteran was scheduled for a travel board hearing before the Board. However, he failed to appear. 

Broadly construing the Veteran's contentions and given the findings of record, which include depression, the Board has recharacterized the Veteran's claim as stated on the title page. See Clemons v. Shinseki, 23 Vet. App. 1 (2009).

The Board remanded the claim in May 2011 for additional development.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Additional development is necessary prior to further disposition of the claim.

The record reflects various psychiatric diagnoses throughout the appeal period, to include depressive disorder, not otherwise specified, impulsive disorder, and dysthymic disorder. More recently, beginning in 2011, the Veteran's depressive disorder has been considered to be in remission, though he continues to take anti-depressant/anxiety medication. On previous remand, a VA examination was obtained in June 2011. The examiner diagnosed the Veteran with polysubstance abuse, in remission, only. However, because the Veteran has been diagnosed with a depressive disorder for the majority of the appeal period, despite whether it is considered to be in remission, the Board finds that a VA opinion as to the etiology of that disorder is necessary. If the Veteran no longer suffers from a depressive disorder, further clarification is needed. Moreover, as noted on previous remand, and as noted in the VA treatment records including dated in October 2006, the Veteran's depression may be affected by his service-connected diabetes mellitus. A June 2011 psychological assessment suggests that he suffers from a cognitive impairment related to his medical disabilities, including his diabetes mellitus. Moreover, a 2012 VA treatment record demonstrates ongoing counseling and medication to treat anxiety related to his service-connected Parkinson's disease. Thus, an opinion as to whether the Veteran suffers from a psychiatric disorder that is caused or aggravated by a service-connected disability is also necessary.

Accordingly, the case is REMANDED for the following actions:

1. Obtain any VA treatment records dated after March 2012.

2. After completion of the foregoing, schedule the Veteran for a VA examination to determine the nature and etiology of his current psychiatric disorder. The claims file should be available for the examiner and a review of the claims file should be noted. 

Based on the examination and review of the record, the examiner should address the following: 

(a) Is it at least as likely as not (50 percent probability or greater) that the Veteran's current psychiatric disorder, including depression in remission, impulsive disorder, or dysthymic disorder, was incurred in or aggravated by his service, to include his reported service stressors of clearing dead bodies, an ammo dump explosion, and the events that occurred during the Tet offensive.

If the Veteran no longer suffers from depression, the examiner should so state with rationale.

(b) If the answer to (a) is no, is it at least as likely as not (50 percent probability or greater) that the Veteran's current psychiatric disorder, including depression in remission, was caused or aggravated by his service-connected disabilities, to include diabetes mellitus and accompanying neuropathy and Parkinson's disease.

The examiner is informed that aggravation is defined for legal purposes as a chronic worsening of the underlying condition versus a temporary flare-up of symptoms, beyond its natural progression. If aggravation is present, the clinician should indicate, to the extent possible, the approximate level of disability present (i.e., a baseline) before the onset of the aggravation. 

The examiner must provide a complete rationale for any opinion expressed, based on the examiner's clinical experience, medical expertise, and established medical principles. If an opinion cannot be made without resort to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made. 

3. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response. 

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations. 

The purpose of the examination requested in this remand is to obtain information or evidence (or both) which may be dispositive of the appeal. Therefore, the Veteran is hereby placed on notice that pursuant to 38 C.F.R. § 3.655 (2012) failure to cooperate by attending the requested VA examination may result in an adverse determination. See Connolly v. Derwinski, 1 Vet. App. 566, 569 (1991). 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).