Citation Nr: 1456898 
Decision Date: 12/30/14 Archive Date: 01/09/15

DOCKET NO. 11-21 043 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah


THE ISSUES

1. Entitlement to a disability rating in excess of 30 percent for service-connected psychoneurosis, somatization disorder, with primary insomnia.

2. Entitlement to service connection for a gastrointestinal disability.

3. Entitlement to a total disability rating for compensation based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Meawad, Counsel


INTRODUCTION

Pursuant to 38 C.F.R. § 20.900(c), the appeal has been advanced on the Board's docket. 

The Veteran had active service from March 1943 to December 1945.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Salt Lake City, Utah.

The scope of the Veteran's claim of service connection may encompass any other gastrointestinal (GI) diagnoses. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). Accordingly, the Board has recharacterized that issue. 

In June 2013, the Board reopened a previously-denied claim for entitlement to service connection for a gastrointestinal disability and remanded the issues of service connection for a gastrointestinal disability and TDIU for further development.

In June 2013, the Board also adjudicated the Veteran's claim for an increased rating for service-connected psychoneurosis, somatization disorder, with primary insomnia. The Veteran appealed the issue for an increased rating to the United States Court of Appeals for Veterans Claims (hereinafter, "the Court"). In an August 2014 decision, the Court set aside in part the June 2013 Board decision with regard to the claim for an increased rating for service-connected psychoneurosis, somatization disorder, with primary insomnia, and remanded the matter to the Board for readjudication.

The issue of an increased rating for service-connected psychoneurosis, somatization disorder, with primary insomnia, is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

The Veteran failed, without good cause, to report for a scheduled VA examination in conjunction with his reopened claim for service connection for a gastrointestinal disability and entitlement to TDIU.


CONCLUSION OF LAW

1. The reopened claim for service connection for a gastrointestinal disability is denied on the basis of failure to report for a VA medical examination. 38 U.S.C.A. § 501 (West 2014); 38 C.F.R. § 3.655(b) (2014).

2. The claim for entitlement to TDIU is denied on the basis of failure to report for a VA medical examination. 38 U.S.C.A. § 501 (West 2014); 38 C.F.R. § 3.655(b) (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran claims that his current gastrointestinal disability began during service when he had documented stomach problems. He also claims that he is no longer able to work due to his service-connected disabilities.

The Board ordered a VA examination to determine whether the Veteran's stomach problems during service and in the few years following service were manifestations of the severe stomach problems that surfaced in 1955 and continued thereafter. The Board also determined that a medical examination specific to the Veteran's employability was necessary. A December 2013 letter from the Appeals Management Center reflects that the Veteran was informed that he would be scheduled for an examination, and that if he could not keep the appointment he was given, he should contact the VA Medical Center as soon as possible. This letter also informed him that if he failed to report for an examination or reexamination without good cause, such as an illness or hospitalization, death of a family member, etc., the claims shall be rated based on the evidence of record, or even denied.

The Veteran was scheduled for an examination in March 2014; however, he failed to report for the examination. No excuse was given for the absence, and the Board cannot conclude that there was good cause for the missed appointment. 

Under 38 C.F.R. § 3.655(a), when entitlement to a benefit cannot be established without a current VA examination or reexamination and a claimant, without good cause, fails to report for such examination or reexamination, action shall be taken in accordance with 38 C.F.R. § 3.655(b) or (c) as appropriate. 38 C.F.R. § 3.655(b) applies to original or reopened claims or claims for increase, and 38 C.F.R. § 3.655(c) applies to running awards, when the issue is continuing entitlement. Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant, and death of an immediate family member. 38 C.F.R. § 3.655(a). 38 C.F.R. § 3.655(b) provides, when a claimant fails to report for an examination scheduled in conjunction with a claim for increase or a reopened claim for a benefit which was previously disallowed, the claim shall be denied. 

The Veteran's claim for service connection for a gastrointestinal disability was reopened by the Board in June 2013. In addition, a claim for TDIU is a claim for a higher disability evaluation; that is, it is not an original compensation claim, and the disposition of the claim is entirely dependent upon the severity levels of disabilities which have already been service connected. Therefore, the provisions of 38 C.F.R. § 3.655(b) govern the issues and they dictate that the reopened claim and the claim for increase shall be denied if the Veteran fails to report for a scheduled examination. As noted above, the Veteran was informed of the consequences of such failure, as well as how to request a new examination if the scheduled date was inconvenient. He was similarly informed that he could file a statement indicating his good cause for missing the scheduled examination. He has taken no such actions. 

As the Veteran failed to report for an examination scheduled for his claims and he has not shown good cause for failing to appear, denial of service connection for a gastrointestinal disability and TDIU based on the application of 38 C.F.R. § 3.655(b) is warranted.


ORDER

Service connection for a gastrointestinal disability is denied.

Entitlement to TDIU is denied.


REMAND

The medical evidence of record shows that the Veteran suffers from several disabilities, including sleep apnea, a thyroid condition, insomnia and the service connected somatization disorder, that contribute to overlapping symptoms. The medical evidence does not clearly show which symptoms are attributed to the Veteran's service-connected somatization disorder. Therefore, an examination is necessary in order to determine the nature and severity of the symptoms related to the Veteran's service-connected somatization disorder. 38 C.F.R. § 4.2.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the nature, extent, frequency and severity of any impairment related to the Veteran's somatization disorder. The claim file must be made available to the examiner in conjunction with the examination. All necessary tests must be conducted and all clinical findings reported in detail. 

All pertinent symptomatology and findings of the Veteran's somatization disorder are to be reported in detail. Any indicated diagnostic tests and studies must be accomplished. 

Additionally, the examiner must distinguish, to the extent possible, between symptomatology resulting from the Veteran's service-connected somatization disorder and any symptoms associated with the nonservice-connected condition(s), including sleep apnea, a thyroid condition, and insomnia. If it is medically impossible to distinguish among symptomatology resulting from the disabilities, the examiner should state this in the examination report.

The examination report must include a complete rationale for all opinions expressed. If the examiner feels that a requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training).

2. Then, readjudicate the appeal. If the benefit sought remains denied, issue a Supplemental Statement of the Case and return the case to the Board. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).



This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
RONALD W. SCHOLZ
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs