Citation Nr: 1505525 
Decision Date: 02/05/15 Archive Date: 02/18/15

DOCKET NO. 10-19 287 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and depressive disorder.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

H. M. Walker, Counsel

INTRODUCTION

The Veteran served on active duty from April 1968 to April 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana.

In July 2014, the Board most recently remanded the Veteran's case, and it has since been returned to the Board. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board finds that further development is necessary regarding the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder, including PTSD and depression.

In July 2014, the Board most recently remanded the Veteran's case for a new VA examination and report. A review of the virtual record shows that a VA psychiatric examination was requested in August 2014, and it appears that a VA examination was scheduled for August 25, 2014. In a September 2014 email, the VAMC noted that it attempted to contact the Veteran both by telephone and letter, and the Veteran failed to appear at the examination. A copy of the notice sent to the Veteran regarding this scheduled examination is not associated with his claims file.

In November 2014, the Veteran sent a letter to VA indicating that he has been waiting since July 2014 for a VA psychiatric examination to be scheduled. He specifically noted that he was never notified of any scheduled VA examination, nor did he receive any other correspondence (phone call, email, etc.) from the VAMC in Chicago regarding this examination. 

Based upon review of the evidence, the Board finds that it is simply unclear whether the Veteran was properly notified of his examination. See Kyhn v. Shinseki, 716 F.3d 572 (Fed. Cir. 2013) (reversing Kyhn v. Shinseki, 23 Vet. App. 335 (2010) which involved the presumption of regularity in notification of VA examinations). Based on the above and in consideration of Kyhn and the statement submitted by the Veteran indicating that he was never notified of the scheduled VA examination, the Board finds that the Veteran should be afforded another opportunity to appear for a VA examination to determine the nature and etiology of any current psychiatric disorder. 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination for the purpose of ascertaining the nature and etiology of any acquired psychiatric disorder diagnosed during the pendency of the appeal. The examination should be performed by an examiner other than the author of the May 2012 VA examination report. The claims file should be made available to the examiner in conjunction with the examination. Any medically indicated tests should be accomplished, and all pertinent symptomatology and findings must be reported in detail. 

Based on a review of the claims file, to include the service treatment records, VA examination reports, and the lay statements of record, the examiner should render any relevant diagnoses pertaining to an acquired psychiatric disorder. If PTSD cannot be diagnosed, the examiner should specifically state which DSM-V criteria are not met. In this respect, the examiner is reminded that the Veteran's in-service stressors have been verified for service connection purposes to the extent that they are consistent with the circumstance, conditions, or hardships of his service to include receipt of the Combat Infantryman's Badge. The Veteran's lay reports of combat-related stressors should be considered verified.

For each diagnosed acquired psychiatric disorder, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or more) that the disorder is causally or etiologically related to the Veteran's active duty service, to include his verified in-service stressors of firefights, ambushes, mortar attacks, and the deaths of fellow soldiers. The examiner should also specifically comment on all diagnoses of acquired psychiatric disorders rendered during the pendency of the appeal as well as the August 2009 PTSD Assessment Results.

It would be helpful if the examiner would use the following language, as may be appropriate: "more likely than not" (meaning likelihood greater than 50%), "at least as likely as not" (meaning likelihood of at least 50%), or "less likely than not" or "unlikely" (meaning that there is a less than 50% likelihood). The term "at least as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. 

A complete rationale for any opinion expressed, to include citation to specific medical documents and clinical findings, must be included in the report.

2. Thereafter, re-adjudicate the claim of entitlement to service connection for an acquired psychiatric disorder. If the benefit sought on appeal remains denied, provide the Veteran and his representative a Supplemental Statement of the Case and an appropriate period of time in which to respond. Then, return the appeal to the Board.

By this remand, the Board intimates no opinion as to any final outcome warranted.

No action is required of the Veteran until he is otherwise notified but he has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).