Citation Nr: 1602952 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 11-04 009 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for a venereal disease, to include human papilloma virus (HPV).


ATTORNEY FOR THE BOARD

R. Starks, Associate Counsel











INTRODUCTION

The Veteran served on active duty from May 2002 to July 2002, and from March 2003 to October 2003.

This appeal to the Board of Veterans' Appeals (Board) arose from an April 2010 rating decision in which the RO denied service connection for penile condylomas (also claimed as venereal disease, genital warts and HPV), and human immunodeficiency virus (HIV). In May 2010, the Veteran filed a notice of disagreement. A statement of the case was issued in October 2010, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in February 2011.

In his substantive appeal, the Veteran requested a hearing before a Veterans Law Judge in Washington, DC. The Veteran failed to report for the scheduled hearing and has not requested rescheduling of the hearing. As such, his hearing request is deemed withdrawn. See 38 C.F.R. § 20.704(d) (2015).

In a July 2013 decision, the Board remanded the claims for additional development.

In an August 2014 decision, the Board denied entitlement to service connection for HIV and again remanded the claim of service connection for a venereal disease.

In April 2015, the Board again remanded the claim for additional development.

The issue of entitlement to service connection for HIV has been raised by the record in an October 2015 statement, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).

This claim was processed using the Veteran's Benefits Management System (VBMS). A review of the Veteran's Virtual VA claims file reveals documents that are either duplicative or irrelevant to the issue on appeal.
The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Although the Board sincerely regrets the additional delay, after a review of the record, further development is necessary prior to adjudicating the Veteran's claim.

A December 2003 private treatment record shows that the Veteran underwent surgery for a penile condyloma. Later, in April 2010, a VA examiner noted that the Veteran had no visible manifestations of HPV. Finally, in a November 2014 VA medical opinion, the examiner noted that the Veteran's penile condyloma was caused by HPV. However, no medical records in the Veteran's file indicate a diagnosis of HPV or any other venereal disease during the appeal period. Therefore, on remand, the Veteran should be afforded a new VA examination to determine the nature and etiology of his claimed venereal disease.

Additionally, in October 2015, the Veteran submitted a VA Form 21-4142a requesting VA medical records dating from January 2001 to December 2007. Therefore, on remand, the RO should take appropriate steps to obtain and associate with the record copies of the Veteran's VA treatment records dating from January 2001 to December 2007. 38 C.F.R. § 3.159(c) (2015).

Accordingly, the case is REMANDED for the following action:

1. Obtain VA treatment records from January 2001 to December 2007. 

2. Schedule the Veteran for an appropriate VA examination to determine the nature and etiology of his claimed venereal disease.

Disagnose all current venereal diseases to include HPV, penile condyloma, and genital warts.

The examiner should indicate whether it is at least as likely as not (50 percent or greater probability) that any such diagnosis is related to his service.

In so opining, the examiner should specifically address the Veteran's lay statements, December 2003 penile condyloma diagnosis, and the April 2010 and November 2014 VA Medical Opinions.

The claims folder and a copy of this remand are to be made available to and reviewed by the examiner in connection with providing an opinion. The opinion must contain a notation that the claims file was reviewed.

All studies, tests, and evaluations deemed necessary by the examiner should be performed, and all pertinent symptoms and clinical findings must be reported in detail, including the results of any tests.

A complete rationale should accompany each opinion provided.

3. After completing all indicated development, the RO should readjudicate the claim in light of all the evidence of record. If the benefit sought remains denied, the case should be returned to the Board after compliance with requisite appellate procedures.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).