http://www.va.gov/vetapp16/Files4/1630400.txt

Citation Nr: 1630400 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 14-05 331 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri

THE ISSUES

1. Entitlement to service connection for stomach cancer, to include as due to ionizing radiation exposure.

2. Entitlement to an initial rating in excess of 10 percent for right ankle disability.

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

M. Young, Counsel

INTRODUCTION

The Veteran served on active duty from October 1967 to October 1970. 

These matters are before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri, which granted service connection for right ankle strain and assigned an initial rating of 10 percent. The Veteran appealed for a higher rating. The rating decision also denied service connection for stomach cancer. 

The appeal is REMANDED to the RO. VA will notify the appellant if further action is required.

REMAND

In July 2015, while his claims had already been certified to the Board, the Veteran responded to a supplement statement of the case (on VA Form 9 with an accompanied written statement) that he wanted a Board hearing at a local VA office. In his statement he noted that there was a need to clarify the facts of his case. He stated, "I feel strongly what is needed is a one on one or panel (whatever [the] procedure is)[.]"

The United States Court of Appeals for Veterans Claims has determined that a Veteran has a right to request a hearing before the issuance of a Board decision. See Bernard v. Brown, 4 Vet. App. 384, 393 (1993). Since the RO schedules local hearings, a remand of this matter to the RO is proper.

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be scheduled for a Travel Board hearing at a local VA office. Notice of the hearing date must be provided to the Veteran with a copy of such notice included in the Veteran's record.

2. Thereafter, appropriate appellate procedures should be followed.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).