http://www.va.gov/vetapp16/Files4/1630409.txt

Citation Nr: 1630409 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 13-36 037 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia

THE ISSUE

Entitlement to service connection for bilateral hearing loss disability.

REPRESENTATION

Appellant represented by: Virginia Department of Veterans Services

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

Siobhan Brogdon, Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. Army from April 1975 to April 1979. Thereafter, he served in the Army National Guard/Army Reserves.

This appeal comes before the Department of Veterans Affairs (VA) Board of Veterans' Appeals (Board) from a March 2013 rating decision of the VA Regional Office in Roanoke, Virginia that denied service connection for bilateral hearing loss disability.

The Veteran was afforded a videoconference hearing at the RO in December 2015 before the undersigned Veterans Law Judge sitting at Washington, DC. The transcript is of record.

Following review of the record, the appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran asserts that he has bilateral hearing loss as the result of acoustic trauma in service for which service connection is warranted.

On personal hearing in December 2015 and a statement in the record, the appellant stated that his military occupational specialty during active service was in infantry where he was a machine gunner assigned to the weapons squad and carried a 90mm recoilless rifle. He said that he also was exposed to 45 caliber rifles, M16s, grenade launchers, heavy weapons fire, constant firing of machine guns and small arms fire. He related that he had four months of active duty at Fort Sill, Oklahoma where he performed rifle marksmanship training mostly with 45 caliber rifles and machine guns, and that he was exposed to tanks and tank fire. The appellant testified that he used ear protection anytime he was in a controlled atmosphere, but that when he was on patrol and came under fire, there was no time to put hearing protection on. 

The Veteran stated that after service, he was seasonally employed by a construction company for a few years between 1979 and 1981 installing water and sewer lines, etc., and wore hearing protection on occasion for certain activities, including running a jackhammer. He testified that thereafter, he worked in auto parts warehouse, drove a truck delivering medical supplies, in a warehouse distribution center, and was a Transportation Security Agency screener inside an airport terminal where he did not have much noise exposure. The Veteran related that between 2003 and 2009 he worked for the DuPont company making carpet nylon on a spinning machine and later in support operations, both of which entailed a certain level of noise but that he was required to wear hearing protection at all times. The appellant testified that the only time he would have been exposed to any loud noise was between 1975 and 1979 in service. In view of such, the Board finds that the Veteran's statements in the record regarding the degree of and extent of noise exposure during active duty are consistent with the circumstances and conditions of his service 

The Veteran was afforded a VA audiology examination in December 2012. Following evaluation, the VA examiner opined that it was less likely than not that his hearing loss was due to military noise exposure because testing four years after service revealed normal hearing and because hearing loss was not documented until 1989, ten years after discharge from active duty. 

The Board has carefully considered the VA examiner's opinion that hearing loss is less likely than not related to service and its reasoning, but finds that this analysis is lacking. The Board concedes that the Veteran had noise exposure during active duty and active duty for training. He currently has hearing loss by VA standards. However, the VA examiner did not provide any opinion as to the etiology of the Veteran's current hearing loss. The opinion also does not adequately address why current hearing loss disability was not caused by noise during service given the Veteran's noise exposure history during and after active duty. In Hensley v. Brown, 5 Vet.App, 155, 159 (1993), the Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.385 does not preclude service connection for current hearing disability where hearing might have been within normal limits at separation from service. It was held in Ledford v. Derwinski, 3 Vet.App. 87, 89 (1992) that the absence of hearing loss at separation is not in and of itself a basis for a denial of a claim of service connection for hearing loss and there is no requirement that there be complaints or treatment in service before service connection for hearing loss may be granted. See also Hensley. 5 Vet.App. 155, 159 (1993). Under the circumstances, the Board finds that further development is warranted and that the appellant should be scheduled for another VA audiology evaluation. 

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a VA audiology examination to include an audiometric evaluation. Access to the appellant's Virtual VA/VBMS claims file must be provided to the examiner prior to evaluation. The examiner should state whether it is more likely than not (i.e., probability greater than 50 percent), at least as likely as not (i.e., probability of 50 percent), or less likely than not (i.e., probability less than 50 percent) that hearing loss disability is related to service, given the Veteran's history of noise exposure in service and during active duty for training. The examination report must include a complete clinical rationale for the opinion and conclusions reached. Specifically, is this Veteran's hearing pattern consistent with noise exposure and why? Why would the current results be consistent with or inconsistent with the in-service noise exposure?

2. After taking any further development deemed appropriate, re-adjudicate the issue on appeal. If the benefit sought is not granted, provide the appellant and his representative a supplemental statement of the case and afford an opportunity to respond before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).