http://www.va.gov/vetapp16/Files4/1630502.txt

Citation Nr: 1630502 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 12-27 930 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri

THE ISSUE

Entitlement to service connection for gastroesophageal reflux disease (GERD), to include as due to exposure to herbicides, and to include as due to posttraumatic stress disorder (PTSD).

REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States

ATTORNEY FOR THE BOARD

Jessica O'Connell, Associate Counsel 

INTRODUCTION

The Veteran served on active duty from July 1969 to December 1971.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a December 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri.

The record before the Board consists of the Veteran's electronic records located within the Veterans Benefits Management System (VBMS) and Virtual VA.

This claim was previously before the Board in September 2014 and June 2015 when it was remanded for additional development.

In its June 2015 remand, the Board noted that the issue of entitlement to service connection for an irregular heartbeat was raised by the record in a November 2014 statement, but had not been adjudicated by the Agency of Original Jurisdiction (AOJ). The AOJ has still not taken action with respect to this issue. As the Board does not have jurisdiction over it, it is once again referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).

In a written statement received in November 2015, the Veteran appears to have raised the issue of an increased rating for PTSD. The Veteran is advised that his statement does not meet the standards of an intent to file under 38 C.F.R. § 3.155(b) or those of a complete claim under 38 C.F.R. § 3.155(a). Accordingly, the AOJ should notify the Veteran as to the procedures required under 38 C.F.R. § 3.155 for filing a claim for VA benefits.

REMAND

In November 2011, the Veteran filed a claim for entitlement to service connection for GERD, which he believed was caused by his service-connected PTSD. In his May 2011 Notice of Disagreement, the Veteran stated he believed his GERD could be due to his exposure to herbicide agents while serving in the Republic of Vietnam. He cited to, but did not submit as evidence, a Ranch Hand Executive Memorandum, which he indicated reported that Ranch Hand personnel who actively worked with Dioxin had a higher incidence of gastric disorders.

The Veteran's service personnel records confirm he courageously served in the Republic of Vietnam from March 1970 to February 1971, and therefore, he is presumed to have been exposed to herbicide agents, such as Agent Orange. 38 U.S.C.A. § 1116(f) (West 2014); 38 C.F.R. § 3.307(a)(6)(iii) (2015). Given that herbicide exposure is presumed, and there is no opinion regarding whether the Veteran's GERD is the result of his exposure to herbicides during service, the Board finds a remand is required to obtain a medical opinion. On remand, a letter must be sent to the Veteran inviting him to submit additional evidence in support of his claim, to include the Ranch Hand Executive Memorandum he referenced in his May 2011 Notice of Disagreement.

While this case is in remand status, development to obtain any outstanding medical records pertinent to the claim should also be completed, to include all VA treatment records from October 2014 to the present.

Accordingly, the case is REMANDED to the RO or the Appeals Management Center (AMC) in Washington, D.C. for the following actions:

1. The RO or AMC should send a letter to the Veteran and invite him to submit any additional evidence in support of his claim, to include the Ranch Hand Executive Memorandum he referenced in his May 2011 Notice of Disagreement.

2. The RO or AMC should undertake appropriate development to obtain any outstanding medical records pertinent to the Veteran's claim, to include all VA treatment records from October 2014 to the present.

3. Once the record is developed to the extent possible, all pertinent evidence of record must be made available to and reviewed by a physician with sufficient expertise, who should provide the following medical opinion:

Whether it is at least as likely as not (50 percent probability or higher) that the Veteran's GERD is due to his exposure to herbicide agents while serving in the Republic of Vietnam from March 1970 to February 1971.

In rendering this opinion, the physician should address and take into consideration the Ranch Hand Executive Memorandum referenced by the Veteran and any other evidence submitted by the Veteran. 

A supporting rationale for the opinion expressed must be provided. If the physician is unable to provide any required opinion, he or she should explain why. If the physician cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the physician should identify the additional information that is needed. 

Another examination of the Veteran should only be performed if deemed necessary by the physician providing the opinion.

4. The RO or the AMC should also undertake any other development it deems to be warranted.

5. Then, the RO or the AMC should readjudicate the Veteran's claim. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative must be provided a Supplemental Statement Of the Case and be given an adequate opportunity to respond. Thereafter, the case must be returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action unless he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
T. REYNOLDS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).