Citation Nr: 1702614 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 14-17 931 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to service connection for a bilateral eye disability other than cataracts, claimed as legal blindness. 


REPRESENTATION

The Veteran represented by: Blinded Veterans Association


ATTORNEY FOR THE BOARD

Nicole L. Northcutt, Counsel



INTRODUCTION

The Veteran served on active duty from December 1961 to April 1966.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in August 2009 by a Regional Office (RO) of the Department of Veterans Affairs (VA). 

This appeal has been advanced on the Board's docket due to the Veteran's advanced age, pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2).

In December 2015, the Board denied the Veteran's service connection claim for bilateral cataracts and remanded the claim for a bilateral eye disability other than cataracts for further development. 

Given the Veteran's representative's recent request to allow the Veteran to participate in a Board hearing, the appeal is again REMANDED to the agency of original jurisdiction. VA will notify the Veteran if further action is required.


REMAND

In a November 2016 statement submitted by the Veteran's representative, the representative requested that the Veteran be afforded a Board hearing. As the Veteran has not yet participated in such a hearing, the Board will honor this request, and this case is accordingly REMANDED for the following action:

Contact the Veteran to determine what form of Board hearing he would like to elect (Video or Travel Board), and then schedule the Veteran to participate in a hearing via his elected forum.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112.




_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252, only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).