Citation Nr: 1719116 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 11-27 630 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Baltimore, Maryland


THE ISSUE

Entitlement to an increased disability rating in excess of 20 percent for a left shoulder disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

B. P. Keeley, Associate Counsel


INTRODUCTION

The Veteran served on active duty with the United States Army from January 1976 to July 1980. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2010 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Baltimore, Maryland, denying an increased rating for the Veteran's left shoulder condition. 

The Veteran testified at a Board hearing before the undersigned Veterans Law Judge (VLJ) in April 2015. A transcript of the hearing has been associated with the claims file.

In June 2015, the Board remanded this matter back to the RO for further development. 

This is a paperless appeal located on the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing system. The Board has reviewed the electronic records maintained in both VBMS and Virtual VA to ensure consideration of the totality of the evidence.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

The Veteran's left shoulder was most recently examined by VA in July 2015. In Correia v. McDonald, 28 Vet. App. 158 (2016), the U.S. Court of Appeals for Veterans Claims (Court) noted the final sentence of 38 C.F.R. § 4.59, which states "[t]he joints involved should be tested for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of the opposite undamaged joint." The Court found this sentence to be ambiguous because the regulation, considered as a whole, is meant to guide adjudicators in determining the proper level of disability of joints, and if the range of motion testing listed in the last sentence is not required, it is unclear how an adjudicator could adequately rate a claimant's joint disability and account for painful motion. However, compelled by § 4.59's place in the regulatory scheme (it preceded the disability rating schedule), the Court held that the final sentence of § 4.59 creates a requirement that certain range of motion testing be conducted whenever possible in cases of joint disabilities. In this case, although range of motion testing was taken on the Veteran's left and right shoulders, the examiner did not specify whether such testing was taken during active or passive motion.

As the July 2015 VA examination report does not provide all of the information specified by Correia, this claim must be remanded for a new VA examination to obtain the information necessary to properly adjudicate the claim.

Accordingly, the case is REMANDED for the following action:

1. Obtain any updated VA treatment records since June 2015 and associate them with the claims folder.

2. Schedule the Veteran for a new VA shoulder 
examination to assess the manifestations of the Veteran's left shoulder disability. The claims file must be made available to and be reviewed by the examiner in conjunction with the examination. All tests deemed necessary should be conducted and the results reported in detail. 

The examiner is asked to indicate the point during range of motion testing that motion is limited by pain. The examiner should describe in detail the presence or absence and the extent of any functional loss due to weakened movement, excess fatigability, incoordination, or pain on use, and should state whether any pain claimed by the Veteran is supported by adequate pathology, e.g., muscle spasm, and is evidenced by his visible behavior, e.g., facial expression or wincing, on pressure or manipulation.

The examiner should express an opinion as to whether pain or other manifestations occurring during flare-ups or with repeated use could significantly limit functional ability of the shoulders. The examiner should portray the degree of any additional range of motion loss due to pain on use or during flare-ups.

The examiner should test the range of motion in active motion, passive motion, weight-bearing, and nonweight-bearing for both shoulders. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

All opinions provided must be thoroughly explained, and an adequate rationale for any conclusions reached should be provided.

3. Review the examination report to ensure that it 
complies with the board's remand directives. Any inadequacies should be addressed prior to recertification to the Board.

4. Then, after undertaking any additional development 
that is deemed warranted, readjudicate the claim. If the decision remains adverse to the Veteran, he and his representative should be furnished a supplemental statement of the case and afforded an appropriate period of time within which to respond thereto.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).