Citation Nr: AXXXXXXXX
Decision Date: 10/30/21 Archive Date: 10/30/21

DOCKET NO. 200616-91507
DATE: October 30, 2021

REMANDED

The issue of entitlement to service connection for myelodysplastic syndrome with refractory anemia, to include as due to exposure to herbicide agents, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from April 1964 to March 1967. 

This appeal to the Board of Veteran's Appeals (Board) arose from a June 2020 rating decision by the Department of Veteran Affairs (VA) Regional Office (RO) following a supplemental claim submitted by the Veteran in March 2020. In this matter, the modernized review system, also known as AMA, applies. Later in June 2020, the Veteran appealed the rating decision dated earlier that month and, in so doing, requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ) at the time of the June 2020 rating decision. See June 2020 VA Form 10182 (Notice of Disagreement). This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c); 38 U.S.C.§ 7107(a)(2).

After a thorough review of the evidence, the Board finds that a pre-decisional duty to assist error was made and that a remand is necessary to accord the AOJ an opportunity to cure this error. Specifically, the Veteran asserts that he developed myelodysplastic syndrome due to his service. In the June 2020 rating decision, the AOJ favorably found that he had a current diagnosis of myelodysplastic syndrome and conceded his in-service exposure to herbicide agents, based on his service in the Republic of Vietnam during the applicable time period. The Board is bound by these favorable findings. 

In addition, the Board notes that the claims file contains a prior final decision denying service connection for this claimed disability. The Board finds, however, that, in the currently-appealed June 2020 rating action, the RO essentially found that new and relevant evidence has been received sufficient to reopen this previously disallowed claim. In particular, the RO conceded the Veteran's in service naval exposure to herbicides, pursuant to The Blue Water Navy Vietnam Veterans Act of 2019. The Board is bound by this favorable finding.

A VA examination was afforded to the Veteran in June 2020. However, no opinion was provided regarding the nature and etiology of his claimed disability. In this regard, the Board acknowledges that he submitted an opinion from a private doctor, who stated that the Veteran's condition is considered to be pre-leukemic. The doctor continued that the etiology of the diagnosis is not quite clear, but that Agent Orange is as likely as not the cause. There was no rationale provided to support this conclusion. See April 2016 Private Medical Treatment Record; May 2020 Correspondence. 

The Veteran's condition is not enumerated as one of the diseases under 38 C.F.R. §3.309 for presumptive service connection due to herbicide agent exposure. However, even if a veteran is not entitled to presumptive service connection for a disease claimed as secondary to herbicide agent exposure, VA must also consider the claim on a direct service connection basis. When a disease is first diagnosed after service but not within the applicable presumptive period, service connection may nonetheless be established by evidence demonstrating that the disease was in fact incurred in service. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

The AOJ has not obtained another medical opinion addressing whether the Veteran's conceded exposure to herbicide agents contributed in any way to his myelodysplastic syndrome. Failure to obtain this medical opinion is a pre-decisional duty to assist error. Therefore, a remand is necessary to obtain an adequate medical opinion that addresses the nature and etiology of the Veteran's myelodysplastic syndrome. Accordingly, this matter is REMANDED for the following action:

Refer the Veteran's claims file to a medical professional of appropriate expertise to provide an addendum opinion (or, if the VA examiner determines that it is necessary, schedule the Veteran for an appropriate VA examination) to address the nature and etiology of the Veteran's myelodysplastic syndrome with refractory anemia. The claims file and a copy of this REMAND should be made available to the examiner for review. After record review and/or examination, the VA examiner should offer his or her opinion with supporting rationale as to the following inquiries, as clearly and precisely as possible: 

Is it at least as likely as not (50 percent or greater probability) that the Veteran's myelodysplastic syndrome was incurred in, caused by, or otherwise etiologically related to his service, to include his conceded in-service exposure to herbicide agents?

In rendering the opinion, the examiner should address the internet article submitted in April 2016 entitled "Agent Orange, United States Military Veterans, and Myelodysplastic Syndrome." See April 2016 Correspondence.

The Board acknowledges that there is no presumption of service connection for myelodysplastic syndrome due to exposure to herbicide agents. The examiner cannot base his or her opinion solely on the fact that myelodysplastic syndrome is not recognized as a presumptive disease due to herbicide agent exposure. Rather, the examiner is asked to discuss the likelihood that the Veteran's myelodysplastic syndrome is related to his exposure to herbicide agents, given the individual circumstances of his medical history, family history, and the absence or presence of other risk factors, etc.

The examiner is advised that the Veteran is competent to report his symptoms/history and that such reports must be acknowledged and considered in formulating any opinion. If the Veteran's reports are discounted, the examiner should provide a reason for doing so.

A fully articulated medical rationale for each opinion expressed must be set forth in the medical report. The examiner should discuss the particulars of this Veteran's medical history, pertinent lay evidence, and the relevant medical literature or studies as applicable to this case, which may reasonably explain the medical analysis in the study of this case.

If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

No action is required of the Veteran until he is notified by VA. However, he is advised of his obligation to cooperate in ensuring that the duty to assist is satisfied. Kowalski v. Nicholson, 19 Vet. App. 171 (2005). His failure to report for any VA medical examination that may be scheduled may impact the determination made in 

(CONTINUED ON NEXT PAGE)

this appeal. 38 C.F.R. § 3.655. The Veteran also is advised that he has the right to submit additional evidence and argument with respect to these matters. Kutscherousky v. West, 12 Vet. App. 369 (1999). This appeal must be afforded prompt treatment. 

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. Middleton, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.