Citation Nr: 1505523 
Decision Date: 02/05/15 Archive Date: 02/18/15

DOCKET NO. 08-05 732 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to service connection for a lower back disability. 


REPRESENTATION

Veteran represented by: John S. Berry, Attorney


ATTORNEY FOR THE BOARD

Patrick J. Costello, Counsel 


INTRODUCTION

The Veteran served on active duty from July 1998 to May 2002.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) located in Louisville, Kentucky.

In July 2009, the Board denied the Veteran's claim for benefits. The Veteran appealed to the United States Court of Appeals for Veterans Claims, hereinafter the Court. The Court concluded that the medical examination used by the Board in denying the Veteran's claim was inadequate for rating purposes and, following that determination, the Court vacated and remanded the claim to the Board for further action. This occurred in August 2011. 

The Board then remanded the claim for the purpose of obtaining additional medical evidence. In May 2013, the Board issued a decision that once again denied the Veteran's claim. In a memorandum decision issued in July 2014, the Court found that the medical opinions relied upon by the Board were inadequate used in denying the Veteran's claim was deficient. The claim has since been returned to the Board for further action. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

As reported above, the Court has found that the medical examinations used by the Board were deficient. Most recently, the Court found that the VA examiner had not considered the Veteran's in-service back injuries as well as his duties as a hull technician when the examiner concluded that the Veteran's current back disorder was not related to service. Also called into question was the statement given by the examiner concerning the longevity of the back disability. That is, the examiner suggested that the Veteran's current back disorder was age-related or somehow due to the Veteran's post-service activities. However, the examiner did not provide any comment on the Veteran's post-service medical records which showed that the Veteran sought medical attention for a lower back condition within three years of his discharge from service when the Veteran was in his mid-twenties and unemployed since service. The Court's decision requires that the Veteran be afforded an adequate examination. 

Hence, the claim will be remanded to the agency of original jurisdiction for further action.

1. Schedule the Veteran for a VA examination, preferably, by a medical doctor who has not previously examined him. The examiner should note that this remand and the claims folder were reviewed. All necessary tests should be conducted.

The examiner should express an opinion as to whether any back disability shown since approximately 2006 is at least as likely as not the result of a disease or injury in active service.

The examiner should specifically discuss service treatment records showing the Veteran sought treatment for back strain in December 1999 and complained of back pain October 2001, and that he sought relief for pain emanating from the same area of the back via a private physician in October 2005 and was noted to have radiculopathy (three years after his discharge from the US Navy). 

The examiner should also consider the Veteran's report that his service duties as a hull technician included heavy lifting throughout the day and posing in awkward positions.

The examiner must provide reasons for all opinions and conclusions reached, citing the objective medical findings leading to the provided conclusions. 

The examiner should not invoke the phrase "without resort to mere speculation" without first explaining the basis for such an opinion. That is, if the examiner is unable to provide the requested opinion without resorting to speculation, the examiner must provide an explanation for the basis of that inability to provide then needed opinion, for example, does the examiner lack the expertise to render such an opinion, or is some additional testing or information needed, and possibly available, that would permit an opinion. If so, a qualified examiner should provide an opinion and/or the additional testing should be accomplished. If the examiner cannot provide an opinion because it cannot be determined from current medical knowledge whether a specific in-service injury or disease can possibly cause the claimed condition, or the actual cause cannot be selected from multiple potential causes, this should be fully explained.

2. If the benefits sought on appeal remain denied, the AOJ should issue a supplemental statement of the case. Then, the case should be returned to the Board, if in order.

The Veteran is hereby placed on notice that pursuant to 38 C.F.R. § 3.655 (2014) failure to cooperate by attending the requested VA examination without good cause may result in denial of the claim. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).