Citation Nr: 1508851 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 07-17 340 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in 
St. Petersburg, Florida


THE ISSUE

Entitlement to a total rating for compensation based upon individual unemployability due to a service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Jonathan Tracy, Associate Counsel
INTRODUCTION

The Veteran served on active duty from October 1985 to February 1986.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from January 2010 and July 2010 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The Veteran testified before the undersigned in October 2007 on unrelated issues. The Veteran also requested a Board hearing for the issues of entitlement to service connection for a cervical spine disability secondary to chronic thoracolumbar strain and entitlement to a TDIU and was scheduled for a hearing in October 2011. However, as documented in the September 2011 Board remand, in August 2011 the Veteran requested a postponement for his hearing and said he would let the RO know when he wanted the hearing to be held. In April 2012, the Board sent the Veteran a letter to clarify whether the Veteran still wanted a hearing and if so what type of hearing. In April 2012, the Veteran responded that he did not want a hearing and requested that the Board proceed. Thus, the Veteran's request for a hearing has been withdrawn.

In September 2011, the Board remanded the issue of entitlement to a TDIU for further development. In May 2012, the Board denied entitlement to a TDIU. Subsequently, the Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In a January 2014 decision the Court vacated the decision with respect to the issue of entitlement to a TDIU and remanded for additional consideration. In May 2014 and January 2015, the Board remanded the issue for further development, including a VA examination.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran is service-connected for a chronic thoracolumbar strain with a 40 percent disability rating. The Veteran seeks entitlement to a TDIU. In the prior Board remand dated in May 2014, the Board requested that the Veteran be afforded a VA examination to assess his employability. However, an examination was not conducted. The August 2014 Supplemental Statement of the Case indicates that the Veteran failed to report to the examination scheduled for July 2014. The Veteran responded via facsimile dated in August 2014 that he did attend the examination and included a copy of an annual examination dated in June 2014 from his primary care physician. It appears that the Veteran might have been confused between the requested VA examination and his annual examination.

The Board then remanded the issue again in January 2015 requesting that the Veteran be afforded an examination. It appears that a request was initiated on January 16, 2015. The claims file contains a Report of General Information dated January 20, 2015. It appears that VA personnel explained that the Veteran needed a new examination and the Veteran responded that he would not be attending the examination because he already had examinations. The request was then canceled and a Supplemental Statement of the Case was issued. 

There are numerous facsimile messages from the Veteran with varying arguments. It seems that the Veteran does not understand why an examination is necessary. The Board notes the attempt to schedule an examination; however, it also notes the short time frame in which the request was generated and cancelled. As this issue is on remand from the United States Court of Appeals for Veterans Claims (Court), the Board is asking for another attempt to be made to explain to the Veteran that his claim for a TDIU necessitates an examination to assess him employability. If he fails to report to a scheduled examination, he should be informed that his case will be decided without a necessary piece of evidence; that is, a medical opinion on his employability.

There is conflicting evidence in the record and it is necessary to afford the Veteran an adequate examination to obtain an opinion as to whether his service connected disability prevents him from working. See 38 U.S.C.A. §§ 5103(a), 5103A(b) (West 2002); 38 C.F.R. § 19.31 (2013); McLendon v. Nicholson, 20 Vet. App. 79, 84-86 (2006). Therefore, the Board finds that a remand for such development is required.

The Board notes that individuals for whom examinations have been authorized and scheduled are required to report for same. 38 C.F.R. §§ 3.326 , 3.327 (2014). When a claimant fails to report for an examination scheduled in conjunction with a claim for increase without good cause, the claim shall be denied. 38 C.F.R. § 3.655(b) (2014). In Olson v. Principi, 3 Vet. App. 480 (1992), the Veteran failed to report for scheduled examination, and it was reiterated that the duty to assist is not always a one-way street, or a blind alley; and that the Veteran must be prepared to cooperate with VA's efforts to provide an adequate medical examination and by submitting all medical evidence supporting a claim. See also Wood v. Derwinski, 1 Vet. App. 190 (1991).

Lastly, the Veteran currently does not meet the schedular criteria for the assignment of a TDIU. See 38 C.F.R. § 4.16(a). In Bowling v. Principi, 15 Vet. App. 1, 10 (2001) the Court, citing its decision in Floyd v. Brown, 9 Vet. App. 88, 94-97 (1995), held that the Board cannot award a TDIU under 38 C.F.R. § 4.16(b) in the first instance because that regulation requires that the RO first submit the claim to the Director of the Compensation and Pension Service for extraschedular consideration. Indeed, in Bowling, the Court reversed the Board only to the extent that the Board concluded that the Veteran "was ineligible for 4.16(b)-TDIU consideration." Id. In this case, if and only if the VA examiner determines that the Veteran's service-connected disability renders the Veteran unemployable, the matter of entitlement to a TDIU must be submitted to the Director of the Compensation and Pension Service for extraschedular consideration.

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Provide the Veteran with an appropriate VA examination, to be conducted, if possible, by a vocational rehabilitation specialist with respect to his TDIU claim. The claims file should be made available to the examiner and all appropriate tests should be performed. The examiner must opine as to whether, without regard to the Veteran's age or the impact of any nonservice-connected disabilities, it is at least as likely as not that his service-connected disabilities, alone or in the aggregate, render him unable to secure or follow a substantially gainful occupation. In offering this impression, the examiner must acknowledge and take into account this Veteran's education, training, and work history. All finding and conclusions should be set forth in a legible report, accompanied by a rationale.

2. The Veteran must be given adequate notice of the date and place of the requested examination. A copy of all notifications, including the address where the notice was sent, must be associated with the claims folder if the Veteran fails to report for the examination. The Veteran is to be advised that failure to report for a scheduled VA examination without good cause may have adverse effects on his claim. As noted above, when a claimant fails to report for an examination scheduled in conjunction with a claim for increase without good cause, the claim shall be denied. 38 C.F.R. § 3.655(b) (2014).

3. Thereafter, if and only if the VA examiner determines that the Veteran's service-connected disability renders him unemployable, refer the Veteran's claim of entitlement to a TDIU to the Under Secretary for Benefits or the Director of Compensation and Pension Services for consideration of assignment of a TDIU on an extra-schedular basis.

4. Thereafter, if the benefit sought on appeal is not granted, issue a supplemental statement of the case and provide the Veteran and his representative an opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).