Citation Nr: 1518691 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 07-34 768 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for a right knee disorder, diagnosed as chondromalacia and degenerative joint disease (DJD).

2. Entitlement to service connection for an acquired psychiatric disorder, diagnosed as bipolar disorder. 


REPRESENTATION

Appellant represented by: Kathy A. Lieberman, Attorney-at-Law


WITNESSES AT HEARING ON APPEAL

The Veteran and his mother



ATTORNEY FOR THE BOARD

Bernard T. DoMinh, Counsel


INTRODUCTION

The Veteran served on active duty in the United States Marine Corps from August 1980 to August 1983. 

These matters are before the Board of Veterans' Appeals (Board) on appeal from a May 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office in St. Petersburg, Florida (RO). 

The Veteran and his witness, accompanied by the Veteran's representative at the time, The American Legion, testified before the undersigned traveling Veterans Law Judge sitting at the RO in September 2009. A transcript of the hearing is associated with the claims folder. 

In an April 2012 appellate decision, the Board determined, inter alia, that new and material evidence sufficient to reopen the previously denied claim of service connection for an acquired psychiatric disorder had been received. That claim was reopened for a de novo review and remanded for additional evidentiary development. The claim of service connection for a right knee disorder was also remanded for additional development. Following this development, the RO affirmed the prior denials of VA compensation for these disabilities in a November 2012 supplemental statement of the case. The case was recertified to the Board in December 2012 for appellate adjudication. The Board rendered a decision in May 2013.

In an August 2014 memorandum decision, the United States Court of Appeals for Veterans' Claims (Court) vacated that part of the May 2013 Board decision denying service connection for a chronic psychiatric disorder and right knee disability and remanded these matters to the Board for appropriate development and adjudication in compliance with the Court's decision.

For the reasons discussed below, this appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant and his representative if further action is required on their part.


REMAND

In its August 2014 memorandum decision, the Court determined that a September 2012 VA orthopedic examination failed to substantially comply with the instructions of the Board in its April 2012 remand, which requested that the examining clinician consider the claimant's testimony regarding continuity of symptomatology. Specifically, the claimant reported that his right knee caused shin splints (also known as medial tibial stress syndrome). The examiner, however, indicated otherwise without providing an explanation or rationale as to why she disagreed with the claimant's historical account. As such, the Court found that the September 2012 examination was substantially noncompliant with the April 2012 remand instructions. Dyment v. West, 13 Vet. App. 141, 146-47 (1999).

Accordingly, the issue of entitlement to service connection for a right knee disorder (diagnosed as chondromalacia and DJD) is remanded to the RO/AOJ for an addendum opinion from the clinician who conducted the September 2012 VA orthopedic examination; or, otherwise, from an appropriate clinician, which adequately considers the claimant's account regarding his self-reported history of onset, continuity, and chronicity of his subjectively perceived right knee symptomatology. If the opining clinician disagrees with the claimant's account, he/she should provide a detailed discussion of the reasons why this is the case and a rationale to support his/her disagreement. 

The Court also determined in its August 2014 memorandum decision that the September 2012 VA psychiatric examination was inadequate because the examiner's clinical conclusions were unclear and thus required further clarification to resolve the ambiguity. Specifically, the examining clinician noted that the claimant's mother had reported that the claimant had been medicated for being "overactive" as a child. The examiner remarked that the claimant's mother "appeared to minimize his behaviors describing them as 'minor,' however reputable physicians do not medicate children due to 'minor' discipline problems." The Court found ambiguity with regard to the examining clinician taking note of evidence of a pre-service mental disorder affecting the Veteran, but then confusingly suggesting that in spite of this evidence "[t]here is no documentation of a mental disorder until 1997." The Court found that these contradictory statements created factual ambiguity as to whether the claimant's abnormal mental condition had pre-existed his entry into military service. Accordingly, the issue of entitlement to service connection for an acquired psychiatric disorder, diagnosed as bipolar disorder, is remanded to the RO/AOJ for an addendum opinion from the clinician who conducted the September 2012 VA psychiatric examination; or, otherwise, from an appropriate clinician, which clarifies the ambiguity discussed above or provides a new nexus opinion that adequately considers the medical history of the claimant. 

Accordingly, the case is REMANDED to the RO/AOJ for the following action:

1. The claims file should be provided to the clinician who conducted the September 2012 VA orthopedic examination; or, otherwise, to an appropriate clinician, who should then review the claims file and provide an addendum opinion that adequately considers the claimant's account regarding his self-reported history of onset, continuity, and chronicity of his subjectively perceived right knee symptomatology relative to his period of active military service, including his statement that his right knee caused shin splints (medial tibial stress syndrome). If the opining clinician disagrees with the claimant's account, he/she should provide a detailed discussion of the reasons why this is the case and a rationale to support his/her disagreement.

2. The claims file should be provided to the clinician who conducted the September 2012 VA psychiatric examination; or, otherwise, to an appropriate clinician, who should then review the claims file and provide an addendum opinion that addresses the following questions:

(a.) What is the significance of the September 2012 psychiatric examiner's remark that reputable physicians would not medicate children for only minor discipline problems? Does the remark imply that a history of medicating the claimant during childhood indicates the pre-service existence of a psychiatric disorder, in the context of the Veteran's documented post-service psychiatric history?

(b.) Is there clear and unmistakable evidence (obvious and manifest) that the claimant's abnormal mental condition pre-existed his entry into military service? (The opinion should be presented in the context of the account of the claimant's mother, who reported that prior to his entering service, the claimant had a clinical history of having been medicated for being an overactive child.)

(c.) If the clinician determines that a mental disorder pre-existed the Veteran's entry into active military service, did the mental disorder permanently increased in severity during active duty and, if so, is the increase in severity due to its natural progress? 



(d.) Otherwise, is it at least as likely as not (i.e., a 50 percent probability or greater) that the claimant's current psychiatric diagnosis/diagnoses had its onset in active service?

With regard to any opinion provided, the opining clinician should provide a detailed discussion and rationale to support his/her opinion.

3. Afterwards, the RO/AOJ should review the claims file to ensure that the aforementioned development and remand instructions have been fully and properly executed. Any noncompliance found should be rectified with the appropriate development. 

4. Thereafter, the RO/AOJ should readjudicate the Veteran's claim of entitlement to service connection for a right knee disorder (diagnosed as chondromalacia and DJD) and an acquired psychiatric disorder (diagnosed as bipolar disorder). If the maximum benefit sought on appeal with respect to any issue remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and afforded a reasonable opportunity to respond before the record is returned to the Board for further appellate review, if appropriate.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).