Citation Nr: 1527833 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 14-16 304 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss. 

2. Entitlement to service connection for tinnitus. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A. Bordewyk





INTRODUCTION

The Veteran served on active duty from November 1952 to November 1955. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida, which, in pertinent part, denied the above claimed benefits. While the rating decision also denied service connection for an ear abscess, the Veteran did not perfect an appeal of that issue and it will not be considered herein. 

In a March 2014 rating decision, service connection for residuals of tonsillitis was granted. As this represents a full grant of the benefits on appeal, the issue will not be considered herein. 

Service connection for residuals of frostbite to the feet, hearing loss, and tinnitus was denied in an October 2014 Board decision. The Veteran appealed the denial to the United States Court of Appeals for Veterans Claims (Court). In an April 2015 Order, the Court granted the parties' Joint Motion for Remand, and remanded the case (with the exception of service connection for residuals of frostbite to the feet, which it left undisturbed) to the Board for action consistent with the joint motion. The case now is before the Board for further appellate review.

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As noted in the Joint Motion for Remand, a November 2011 VA examiner did not have the benefit of reviewing the claims file, and therefore, did not fully consider the lay evidence of record. See Dalton v. Nicholson, 21 Vet. App. 23 (2007). In particular, the Veteran reported that his hearing began to deteriorate during service, as early as 1953. He also submitted buddy statements in April 2014 suggesting that his hearing problems have existed, to some extent, since 1956, post-service. This evidence is particularly important as the Veteran's service treatment records are not available. 

As such, a new VA examination must be provided and the claim must be remanded. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Provide the Veteran with a VA audiology examination to determine whether the current hearing loss and tinnitus disabilities are related to service. 

The claims folder, including this remand and any relevant records contained in the virtual systems, must be sent to the examiner for review; consideration of such should be reflected in the completed examination report or in an addendum. 

The examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or more) that any current bilateral hearing loss and tinnitus disability had onset in service or is otherwise related to a disease or injury in service. The examiner must specifically consider the lay evidence of record, including, but not limited to, the statements outlined above. 

The examiner should provide reasons for the opinions that take into account the Veteran's reports of his history, the reported in-service injuries, exposures, or events, and his current symptoms.

If the examiner discounts the Veteran's reports, he or she should provide a reason for doing so.

If the examiner cannot provide an opinion without resort to speculation, the examiner must provide a reason why this is so, and must state whether there is additional evidence that would permit the opinion to be rendered.

2. After completion of all requested and necessary development, the AOJ should review the record in light of the new evidence obtained. If any benefit for which there is a perfected appeal remains denied, the Veteran and his representative should be furnished with a supplemental statement of the case. Once they are afforded an opportunity to respond, the claim should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).