Citation Nr: 1527856 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 10-04 296 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUES

1. Entitlement to service connection for coronary artery disease (CAD).

2. Entitlement to service connection for hypertension.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Kate Sosna, Associate Counsel



INTRODUCTION

The Veteran served on active duty from September 1956 to September 1960. 

This matter came before the Board of Veterans' Appeals (Board) on appeal from an April 2008 rating decision from the Department of Veterans Affairs (VA) Regional Office.

In November 2014, the Board denied service connection for posttraumatic stress disorder, and reopened claims for service connection for CAD and hypertension, but remanded the issues currently on appeal. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board previously remanded the claims on appeal for procurement of an addendum opinion and in January 2015 an addendum opinion was provided. The addendum report includes an opinion that the Veteran's CAD was not caused by his cervical spine disability, and that his CAD and hypertension are more likely than not due to his age. The opinion also includes a statement regarding common forms of radiation injuries. However, the opinion does not address whether it is as likely as not that ionizing radiation caused the Veteran's disabilities, whether his CAD was caused by his service-connected lumbar spine disability or depression, or whether the Veteran's CAD and hypertension were aggravated by his service-connected spinal disabilities or his depression. Moreover, while the examiner did note a likely cause of the Veteran's hypertension and CAD, the Board still requires an opinion regarding whether the Veteran's disabilities are related to service. Therefore, remand is required to obtain an addendum VA opinion.

Service connection may be granted for disability that is proximately due to or the result of a service-connected disease or injury. Service connection may also be established for the degree of disability resulting from aggravation of a nonservice-connected disability by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995). Temporary or intermittent flare-ups of symptoms of a condition, alone, do not constitute sufficient evidence of aggravation unless the underlying condition worsened. Davis v. Principi, 276 F. 3d 1341, 1346-47 (Fed. Cir. 2002). 

Pursuant to 38 C.F.R. § 3.310 (2014), service connection not be awarded on an aggravation basis without the establishment of a pre-aggravation baseline level of disability which can be compared to the current level of disability. Pre-aggravation baseline level of disability should be established by medical evidence created before the onset of aggravation or by the earliest medical evidence created at any time between the onset of aggravation and the receipt of medical evidence establishing the current level of severity of the non-service-connected disease. 38 C.F.R. 
§ 3.310 (2014).

Relevant ongoing medical records should also be requested. 38 U.S.C.A. 
§ 5103A(c) (West 2014).

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain relevant VA treatment records dating since April 2015. 

2. After the above has been completed to the extent possible, send the claims file to a new examiner for procurement of an addendum opinion. If new examinations are deemed necessary, they should be scheduled.

Following review of the claims file and all pertinent records, the examiner should provide an opinion as to the following:

a. Is it at least as likely as not (50 percent or greater probability) that the Veteran's CAD and hypertension are etiologically related to service, to include his exposure to ionizing radiation? Please explain why or why not. 

b. If not related to service, is it at least as likely as not that the Veteran's CAD was caused by his service-connected spinal disabilities and/or depression. Please explain why or why not. 

c. If not caused by the service-connected spinal disabilities and/or depression, is it at least as likely as not that the Veteran's CAD and hypertension are permanently worsened beyond natural progression (aggravated) by his service-connected spinal disabilities and/or depression. If the examiner finds that the Veteran's CAD and hypertension were aggravated by his service-connected spinal disabilities and/or depression, the examiner should attempt to determine the baseline level of CAD and/or hypertension prior to aggravation by the spinal disabilities and/or depression. 

If the examiner cannot provide the above opinion(s) without resorting to speculation, the examiner should explain why an opinion cannot be provided (e.g. lack of sufficient information/evidence, the limits of medical knowledge, etc.). 

3. After undertaking any other development deemed essential in addition to that specified above, the AOJ should re-adjudicate the Veteran's CAD and hypertension claims. If the benefits sought on appeal remain denied, the Veteran should be provided a Supplemental Statement of the Case. An appropriate period of time should be allowed for response. Thereafter, the case should be returned to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).