http://www.va.gov/vetapp16/Files2/1617308.txt

Citation Nr: 1617308 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 14-13 934 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota

THE ISSUE

Entitlement to service connection for bilateral hearing loss.

REPRESENTATION

Appellant represented by: James G. Fauson, Attorney

ATTORNEY FOR THE BOARD

K. Fitch, Counsel

INTRODUCTION

The Veteran had active duty service from July 1973 to July 1976.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a January 2013 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota.

In October 2015, this matter was remanded for additional development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

In October 2015, this matter was remanded for additional development, to include requesting information regarding health care providers who provided treatment for the Veteran's hearing loss, obtaining outstanding VA treatment records, and affording the Veteran an additional VA examination. 

The treatment records for hearing loss were requested in an October 2015 letter; however, the Veteran did not respond with additional information. Updated VA treatment records were obtained. The Veteran was also scheduled for a VA examination dated in February 2016. A February 2016 record indicates that the Veteran cancelled his appointment, did not reschedule, and no longer wished to have the examination. The cancellation reason given was "veteran refused exam." However, in a February 2016 letter, the Veteran's attorney requested that the Veteran be scheduled for another examination. The attorney reported that the Veteran apologized for missing the examination, which he had done because he had recently been diagnosed with tuberculosis and was busy dealing with this major heath issue. The Veteran reported that he would attend the required examination once rescheduled.

There are specific consequences for a Veteran's failure without good cause to report for a VA examination. 38 C.F.R. § 3.655 (2015). Illness of the claimant is one example of good cause. 38 C.F.R. § 3.655(a). Giving the Veteran the benefit of the doubt and to ensure due process, the Board finds that he had good cause to miss the examination and a new VA examination should be scheduled as to the nature and etiology of the Veteran's bilateral hearing loss. 38 U.S.C.A. § 5107(b) (benefit of the doubt given to the claimant when the evidence is approximately evenly balanced); Sprinkle v. Shinseki, 733 F.3d 1180, 1185 (Fed. Cir. 2013) (Veterans and other claimants are entitled to due process during VA proceedings).

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be afforded a VA examination to determine the nature and etiology of any bilateral hearing loss that may be present. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and assertions.

The examiner should specifically discuss (a) the Veteran's treatment for ear aches in February 1976, while in service, to include the treating physician's note that such ear aches could be due to noise pollution and (b) a November 1975 service treatment record indicating that the Veteran reported a blow to the head and that the left ear was secreting puss.

The examiner should also note that, while the Veteran's entrance examination does not note hearing loss, the Veteran's representative has contended that the Veteran's hearing loss preexisted service.

The examiner should further note that the Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptomatology.

The examiner should opine as to the following:

(a) Is the Veteran's bilateral hearing loss related to his military service? In answering this question, all in-service references to ear symptoms and the blow to the head should be discussed, as well as post-service references to ear aches and infections.

(b) Did hearing loss preexist the Veteran's military service, which began in 1973?

(c) If the answer to (b) is in the affirmative, was the hearing loss aggravated by service?

A complete rationale should accompany each opinion provided.

2. The Veteran should be notified that it is his responsibility to report for the examination and to cooperate in the development of the claim, and of the consequences of failure to report for the examination. 38 C.F.R. §§ 3.158, 3.655. 

In the event that the Veteran does not report for the aforementioned examination, documentation should be obtained which shows that notice scheduling the examination was sent to the last known address. It should also be noted if any notice that was sent was returned as undeliverable.

3. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of the additional evidence received or obtained since the last supplemental statement of the case. If the benefits sought on appeal are not granted, the Veteran and his attorney should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).