http://www.va.gov/vetapp16/Files5/1639939.txt

Citation Nr: 1639939 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 10-47 378 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri

THE ISSUE

Entitlement to service connection for psychiatric disability.

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

D. Havelka, Counsel

INTRODUCTION

The Veteran served on active duty from September 1976 to September 1978. 

This case is before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri.

In September 2015 the Board denied the Veteran's appeal. In July 2016 the United States Court of Appeals for Veterans Claims (Court) granted a joint motion of the parities and remanded the matter to the Board for action in compliance with the joint motion.

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System. 

REMAND

The Veteran claims that service connection is warranted for psychiatric disability because his current psychiatric disability began in service and that his psychiatric problems in service were due to an acquired psychiatric disorder, rather than the immature personality diagnosed in service.

The Veteran's service treatment records (STRs) reflect that he was seen in July 1978 for tension and stress. It was noted that he had been a disciplinary problem "since the start." He had gone AWOL on one occasion and had been placed on report for other offenses. Due to his last offence, he had been reduced in rate to seaman recruit. The impression was of immature personality. A normal psychiatric examination was noted at time of service separation examination approximately one month later. 

VA records show a diagnosis of generalized anxiety disorder in October 2009. In December 2009, the diagnosis was major depressive disorder. 

At a VA examination in February 2010, the Veteran reported that his pre-service history included that he was suspended from school for being tardy too many times to class. He reported numerous misconduct charges within the first 6 months that he was in service. His post service history included incarceration for 45 days for assaulting a police officer and resisting arrest. He reported having had domestic problems to include having assault charges leveled against him. He had been married for the past 4 years but was now separated and a restraining order had been issued against him. 

The February 2010 VA examiner diagnosed generalized anxiety disorder with panic attacks; major depressive disorder. The examiner stated that he was unable to determine if the Veteran's current symptoms were the result of his active service without resorting to mere speculation. It was noted that while the Veteran exhibited significant symptomatology and related functional impairments as documented in the report, he frequently reported experiencing consequences for behaviors that he denied. He stated that there was some evidence that this pattern preceded the Veteran's active service as indicated by his being tardy for class and by not being re-hired at his prior job after returning from service. 

In July 2014 another VA examination of the Veteran was conducted. The examiner stated that he could not "declaratively state," "exactly," "in undebatable terms," when the Veteran's psychiatric condition began. In the July 2016 joint motion of the parties, they agreed that the July 2014 examination report is in adequate because the standard employed by the examiner was too high. The examiner did not need to definitively state whether Veteran's acquired psychiatric disorder was related to active service, but only needed to provide an opinion as whether it is "as likely as not" that his acquired psychiatric disorder is related to service. Accordingly, a remand for another examination is necessary. Before the examination is performed, development to obtain any outstanding records pertinent to the claim should be completed.

Accordingly, this case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions:

 1. The RO or the AMC should undertake appropriate
development to obtain any outstanding records pertinent to the Veteran's claim. 

2. Then, the Veteran should be scheduled for a VA examination by a psychiatrist or psychologist who has not performed a prior examination in this case. All pertinent evidence of record must be made available to and reviewed by the examiner, and any indicated studies or testing should be performed. 

Based on the review of the Veteran's pertinent history and the examination of the Veteran, the examiner should identify each acquired psychiatric disorder that has been present during the period of the claim. 

With respect to each such disorder, the examiner should state an opinion as to whether there is a 50 percent or better probability that the disorder was present in service and if so, an opinion as to whether the disorder clearly and unmistakably existed prior to the Veteran's entrance onto active duty. 

With respect to each acquired psychiatric disorder present during the period of the claim that the examiner believes existed prior to the Veteran's entrance onto active duty, the examiner should state an opinion as to whether the disorder clearly and unmistakably underwent no permanent increase in severity as a result of service.

With respect to each acquired psychiatric disorder present during the period of the claim that the examiner believes was not present during service, the examiner should state an opinion as to whether there a 50 percent or better probability that the disorder is etiologically related to the Veteran's active service.

In providing the medical opinions, the examiner should address the service treatment records showing that the Veteran was seen in July 1978 for complaints of "tension and stress," along with the Veteran's service personnel records showing a variety of disciplinary actions. The examiner should also address the of Veteran's competent assertions that he has experienced psychiatric problems since service, and that his disciplinary infractions during service were manifestations of a psychiatric disorder at that time. 

For purposes of the opinions, the examiner should assume that the Veteran is credible. 

The supporting rationale for each opinion expressed must be provided. If the examiner is unable to provide any required opinion, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the examiner should identify the additional information that is needed.

3. The RO or the AMC should undertake any additional development it determines to be warranted.

4. Then, the RO or the AMC should readjudicate the Veteran's claim. If the benefit sought on appeal is not granted to the Veteran's satisfaction, he and his representative should be provided a supplemental statement of the case and afforded the requisite opportunity to respond before the case is returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
Shane A. Durkin 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).