Citation Nr: 1702642 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-42 059 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUES

1. Entitlement to an evaluation in excess of 10 percent for a right knee disability.

2. Entitlement to an evaluation in excess of 10 percent for a left knee disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

H. Hoeft, Counsel

INTRODUCTION

The Veteran served on active duty from January 1977 to June 1995.

These matters come before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington, which denied, in pertinent part, the Veteran's claims for a disability rating greater than 10 percent for a left knee disability (which was characterized as left knee osteoarthritis), a disability rating greater than 10 percent for a right knee disability (which was characterized as right knee degenerative joint disease), and also denied entitlement to service connection for a bilateral shoulder disability. The Veteran disagreed with this decision later in October 2009. He perfected a timely appeal in October 2010. 

A Travel Board hearing was held at the RO in October 2013 before the undersigned Veterans Law Judge and a copy of the hearing transcript has been added to the record. 

In July 2014, the Board remanded these matters to the Agency of Original Jurisdiction (AOJ) for additional development. The claim seeking entitlement to service connection for a bilateral shoulder disability was granted by the Board and the claims seeking higher ratings for the bilateral knees were denied by the Board in December 2015. The Veteran appealed this decision to the Court of Appeals for Veterans Claims (CAVC or Court). In July 2016, the CAVC issued an Order vacating the December 2015 decision and returned the case to the Board for action consistent with the Joint Motion for Partial Remand (JMR). 

The current record before the Board consists entirely of electronic files known as Virtual VA and the Veterans Benefits Management System (VBMS).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Board observes that a new precedential opinion was issued by the United States Court of Appeals for Veterans Claims (Court). In Correia v. McDonald, 28 Vet. App. 158 (2016), the Court held that the final sentence of 38 C.F.R. § 4.59 creates a requirement that certain range of motion testing be conducted whenever possible in cases of joint disabilities. The final sentence provides that "[t]he joints involved should be tested for pain on both active and passive motion, in weight-bearing and nonweight-bearing, and if possible, with the range of the opposite undamaged joint." The Court found that, to be adequate, a VA examination of the joints must, wherever possible, include the results of the range of motion testing described in the final sentence of § 4.59. 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to ascertain the nature and severity of his service-connected bilateral knee disabilities. The examiner should perform all necessary diagnostic tests, and report all clinical manifestations in detail. 

(a) Pursuant to Correia v. McDonald, 28 Vet. App. 158 (2016), the examination should record the results of range of motion testing for pain on BOTH active and passive motion AND in weight-bearing and nonweight-bearing. 

(b) The examiner should also express an opinion concerning whether there would be additional functional impairment on repeated use or during flare-ups. The examiner should assess the additional functional impairment on repeated use or during flare-ups in terms of the degree of additional range of motion loss. If this is not feasible to determine without resort to speculation, the examiner must provide an explanation for why this is so

2. After the development requested above has been completed, again review the record. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. Thereafter, the case should be returned to the Board, if in order. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
TANYA SMITH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).