Citation Nr: 1744021 
Decision Date: 09/27/17 Archive Date: 10/10/17

DOCKET NO. 16-35 186 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for carcinoma in situ with severe vocal cord dysplasia (throat cancer), resulting from in-service asbestos exposure.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

RLBJ, Associate Counsel


INTRODUCTION

The Veteran served honorably in the United States Navy from January 1962 to May 1965.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In July 2016, the Veteran submitted a VA Form 9; therein, he indicated that he did not want a Board hearing for the issue found on the title page. In August 2017, the Veteran's representative submitted an Informal Hearing Brief in support of the Veteran's claim to entitlement for throat cancer.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran has repeatedly contended that his throat cancer is etiogically related to his repeated exposure to asbestos on the USS Shangri-La. See Veteran's letter, dated July 21, 2015; see also September 2011 Statement in Support of Claim. The Veteran and his wife have conceded tobacco use for an extended period. See March 2013 Correspondence from Wife. The Veteran's military occupational specialty, Aviation Boatswain's Mate/Aircraft Handler, indicates a probable exposure to asbestos. 

The Board notes the claim was certified to the Board on August 9, 2016. Prior to certification, the Veteran's representative offered a conditional waiver of AOJ consideration of new evidence on August 2, 2016. After the conditional waiver and certification, a VA physician (Dr. J.N.B.) offered a nexus opinion for the Veteran's claim to entitlement to service connection for his throat cancer diagnosis. The VA physician's laryngeal cancer nexus opinion was provided on September 12, 2016.

The Board notes that after the Veteran has perfected an appeal as to the issue, as is the case here, the RO is to issue a Supplemental Statement of the Case (SSOC) to address and consider newly submitted evidence. In light of the new evidence, the issue needs to be considered anew by the RO in a SSOC, considering all the evidence submitted after the June 2016 Statement of the Case (SOC).

Dr. J.N.B.'s statement, also triggers the need for the additional development of the issue as outlined below. While Dr. J.N.B. attributed the Veteran's larynx cancer to tobacco use and previous studies had not been able to show a definite link between asbestos and laryngeal cancer, new studies suggest that there is a link (although not definitive) between asbestos and laryngeal cancer. While Dr. J.N.B. acknowledged that he could not say that "it is more likely than not that [the Veteran's] laryngeal cancer was caused by asbestos exposure," the evidentiary standard required to establish service connection is that equipoise (reasonable doubt). Thus, if the record shows that it is "at least as likely as not" (that is a probability of 50 percent or greater), a grant of service connection may be awarded. 

On remand, the AOJ should obtain an addendum opinion from Dr. J.N.B., or another appropriate examiner, to determine the nature and etiology of the Veteran's throat cancer. Any addendum opinion should clearly address all of the Board's directives, and it should address the medical literature cited.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Inform the Veteran of his ability to submit any evidence in his possession which might serve to substantiate his contentions with respect to any relationship between in-service asbestos exposure and cancer of the throat. Associate any new evidence received with the claims file.
2. Thereafter, obtain an addendum opinion from Dr. J.N.B., Hand and Neck and Microvascular Surgery at the Tampa Veterans' Hospital. If Dr. J.N.B. is not available, obtain an opinion from another appropriate examiner to determine the nature and etiology of the Veteran's throat cancer. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner. The addendum opinion must include a notation that this record review took place. It is up to the discretion of the examiner as to whether a new examination is necessary to provide an adequate opinion.

After the record review, and examination of the Veteran if deemed necessary by the examiner, the VA examiner is asked to respond to the following inquiry:

a) Is it at least as likely as not (i.e. probability of 50 percent or greater) that the Veteran's throat cancer was either incurred in, or is otherwise related to, the Veteran's active duty Naval service? Any reference to the latency period between the Veteran's exposure to asbestos and the development of throat cancer would be appreciated.

The examiner should note the Veteran's in-service asbestos exposure has been conceded.

The examiner should explain whether medical literature supports a finding of laryngeal cancer being related to exposure, and if not, should specifically state what are the more likely causes given the Veteran's personal history. Specific references to medical literature reviewed in the context of the examination should be made. In particular, the examiner should discuss the study titled "Asbestos Exposure and Laryngeal Cancer Mortality" submitted by Dr. J.N.B. in September 2016. 

The complete rationale for all opinions should be set forth. A discussion of the facts and the medical principles involved will be of considerable assistance to the Board.

The examiner is advised that the Veteran is competent to report his symptoms and history. Such reports, including those of continuity of symptomatology, must be acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran's reports, the examiner must provide an explanation for such rejection.

If the examiner cannot provide an opinion, the examiner must confirm that all procurable and assembled data and information was fully considered, and provide a detailed explanation for why an opinion cannot be rendered.

3. The AOJ should conduct any other development deemed appropriate, and ensure that the VA examiner's addendum opinion complies with the Board's remand instructions.

4. Following the above-directed development, re-adjudicate the Veteran's claim. Should it remain denied, issue an appropriate supplemental statement of the case (SSOC) and forward the case to the Board for adjudication.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).